**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 0:26-cv-60894-EA**

**Nilson Ernest Aguilar Arroyo,**

      Petitioner,

v.

**Garrett J. Ripa,**
**Charles Parra,**
**Markwayne Mullin,**
**Pamela Bondi,**
**Warden Broward Transitional Center,**

      Respondents.

_____/

## ORDER DISMISSING PETITION

This cause comes before the Court on the petitioner's petition for the writ of habeas corpus [ECF No. 1]. Having carefully reviewed the petition and the record, the Court dismisses the petition for lack of jurisdiction as explained below.

### Background

On March 24, 2026, the petitioner, a citizen of Nicaragua, was detained by immigration officials. ECF No. 1 ¶ 19. This same day, the petitioner was detained at the Broward Transitional Center, and the deportation officer assigned to the case determined that the petitioner was subject to expedited removal under 8 U.S.C. § 1225(b)(1) and issued the Notice and Order of Expedited Removal to the petitioner. ECF No. 8-1 ¶ 4, 7.

On March 30, 2026, the petitioner was transferred to the Adams County Correctional Center in Natchez, Mississippi. ECF No. 8-2; *Adams County Correctional Center*, U.S. Immigration and Customs Enforcement (URL omitted) (2026) (stating the location of the Adams County

Correctional Center). This same day, the petitioner filed this petition for the writ of habeas corpus with this Court, alleging that he was being unlawfully detained. ECF No. 1.

On April 1, 2026, the petitioner was removed from the United States. ECF No. 8. The next day, and without knowledge that the petitioner had already been removed from the country, this Court issued an order for the respondents to respond to the petition. ECF No. 3.

**Analysis**

Under federal law, "[d]istrict courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). This means "that the court issuing the writ [must] have jurisdiction over the custodian." *Id.* (quoting *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 495 (1973)). When a habeas petition is filed in the wrong district, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or *if it be in the interest of justice*, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added).

Here, because the most recent facility the petitioner was in is in Mississippi, this Court lacks jurisdiction over the custodian of the facility. *See Rumsfeld*, 542 U.S. at 435 ("[I]n habeas challenges to present physical confinement[,] . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]"). Additionally, dismissal of the petition, as opposed to its transfer, is appropriate because it would not be in the interests of justice to transfer since the petition is now moot as the petitioner has been removed from the country. *See Soliman v. United States*, 296 F.3d 1237, 1244 (11th Cir. 2002) (concluding that an appeal was moot because the alien had been removed from the country).

2

## Conclusion

Therefore, it is **ORDERED AND ADJUDGED**:

1. The petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. *See Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

2. This **CASE IS CLOSED**.

3. All pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 28th day of July 2026.

ED ARTAU
UNITED STATES DISTRICT JUDGE

Copies Served:

**Hector Hernandez**
Hector Hernandez & Associates, P.A.
7855 NW 12th Street
Suite 105
Miami, FL 33126
3054063424
Email: hector@hhalaw.com

**Jedidiah Custer Bradley**
US Attorney's Office
Email: Jedidiah.Bradley@usdoj.gov

**Lair A. Hall, II**
Broward County Attorney's Office
115 South Andrews Avenue, Suite 423
Fort Lauderdale, FL 33301
954-357-5722
Email: lair.hall@usdoj.gov

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

3

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov